## H. B. SCHULER v. CHESTER COLLINS et al.
### No. 10292.

BILL OF EXCEPTIONS — *a certain paper held not to be a.* A paper, purporting to be a bill of exceptions, made in the form of an assignment of errors, in a proceeding before a referee, concluded with a request that the evidence in the case be attached thereto, that it be allowed as a bill of exceptions, and that a certificate be made that the attached evidence was all that was offered and received on the trial; and the referee attached to the paper a certificate, thus: " The above and foregoing exceptions signed by me ; " without stating that the exceptions were true or that the bill of exceptions had been settled and allowed. In connection with this paper, the referee filed a report, stating that he signed and returned therewith the said exceptions, and attached thereto all the evidence in the case ; but that such evidence was too voluminous to be actually attached and was therefore filed separately, and that on the different parts thereof — described as the depositions of certain witnesses, court-files and records in certain numbered and entitled cases, certain numbered " transcripts " and "exhibits," and " oral testimony," without stating whose — he had placed the initials of his name as identifying marks. None of the parts of evidence described bore such identifying initials, and some of the parts could not be identified by any description of them given by the referee. *Held*, that such paper cannot be considered as a bill of exceptions.

Error from Cowley District Court. Hon. A. M. Jackson, Judge. Opinion filed October 9, 1897. *Dismissed.*

*Sam. D. Pryor,* for plaintiff in error.

*J. C. Pollock,* for defendants in error.

DOSTER, C. J. This was an action to compel an accounting, brought by the defendant in error, Chester Collins, against the plaintiff in error and one Lyman Johnson. Issues for an accounting and for the rescission of a contract were also framed by the two defendants as between themselves. The case was tried by a referee. The order of reference was in the following terms :

" On this day this cause comes on for further trial ; whereupon by agreement of the parties this cause is referred to G. H. Buckman, and upon the said referee subscribing to the oath of office as required by law, he shall have full power to settle the issues in this case, to summon witnesses and compel their attendance, and fully hear and determine the matters in controversy herein. It is further ordered by the court that said referee make a report to this court of his acts in and about his appointment, on or before the first day of the next regular term of this court.

" It is further ordered that said referee have full power to permit amendments and further pleadings in this action upon terms and at such times as he may direct ; that he report his findings of fact and conclusions of law separately, together with the testimony orally introduced before him."

At the close of the trial, and upon the announcement by the referee of findings and conclusions in favor of the plaintiff, and also in favor of defendant Johnson against his codefendant Schuler, the latter filed with the referee a paper called "exceptions to the findings and conclusions of the referee." The

prefatory clause of this paper read as follows : " Now comes the defendant H. B. Schuler, by his attorneys, and files these exceptions to the findings of fact and conclusions of law of said referee." This was followed by a detailed statement of objections to the findings and conclusions of the referee, somewhat in the form of an assignment of errors or a motion for a new trial; as, for examples : "This defendant excepts to the eighth finding of fact, for the reason that it is not sustained by the evidence, but is contrary thereto." "This defendant excepts to the first conclusion of law, for the reason that it is not the law, and is not within the issues of this case, and is erroneous." The statement of exceptions concluded in the following language : "This defendant asks of said referee, that all the testimony in the case be attached hereto, and that he allow this, his bill of exceptions, and certify it, as such, to the court with his report, and certify that the evidence attached thereto is all the evidence offered or introduced on the trial of the case before said referee."

To the foregoing the referee attached a certificate in the following words : "The above and foregoing exceptions signed by me, this second day of November, 1894. H. G. Buckman, Referee."

The report of the referee closes as follows :

"And the said S. D. Pryor, as attorney for the defendant H. B. Schuler, then presented to your referee his exceptions to the findings of fact and conclusions of law of your referee in both branches of the case as above set forth, which said exceptions are hereby signed by your referee and returned into court with his said report; that in said exceptions said defendant H. B. Schuler, asks that all of the testimony in said case be attached thereto and returned with this report, and your referee here attaches all of said testimony to his report and the exceptions of said Schuler herein, and returns the same into court with his

report herein; that the testimony hereto attached is too voluminous to be actually attached to said report, but the same is returned herewith and includes the following matters: One bundle marked 'oral testimony' and signed by the initials of your referee, 'G. H. B.'; one other bundle marked 'oral testimony' and signed by the initials of your referee, 'G. H. B.'; one bundle marked 'depositions E. T. S.' and signed by the initials of your referee, 'G. H. B.,' being the deposition of Everett T. Schuler; one bundle marked 'depositions of H. B. S.' and 'G. H. S.,' and signed by the initials of your referee, 'G. H. B.,' being the depositions of H. B. Schuler and George H. Schuler; one bundle marked 'deposition H. B. S.' and signed by the initials of your referee, 'G. H. B.,' being the deposition of H. B. Schuler in said case; one bundle marked 'transcript' and signed by the initials of your referee, 'G. H. B.'; one bundle marked 'deposition H. B. S. No. 2,' and signed by the initials of your referee, 'G. H. B.'; one bundle marked 'depositions Fort Smith' and signed by the initials of your referee, 'G. H. B.,' being depositions taken at Fort Smith, Arkansas, in this case; one bundle marked 'transcript No. 2' and signed by the initials of your referee, 'G. H. B.'; one bundle marked 'exhibit 25' and signed by the initials of your referee, 'G. H. B.', and one bundle marked 'exhibits' and signed by the initials of your referee, 'G. H. B.', being all of the exhibits offered in this case except certain files of this court hereinafter referred to; one bundle marked 'transcript testimony' and signed by the initials of your referee, 'G. H. B.' and being copy of testimony given by the plaintiff, Collins, upon a former partial trial in this case, which was introduced in evidence in this case; that in addition to the testimony above designated there was introduced in evidence all of the files and records in case No. 5599 of this court, entitled C. Perry v. Chester Collins and Mary C. Collins, his wife, which files and records are here referred to as a part of the testimony taken in this case; also there was introduced in evidence in this case, as of the files and records in case No. 3402 in this court, being the Travelers Insurance Company v. Chester Collins

*et al.*, defendants, which said files and records are a part of the files in this court and are here referred to without being attached to this report.

"And your referee certifies that the testimony above referred to is all of the testimony which was introduced in evidence before him in said case, on the trial of both branches of said case."

None of the evidence, either documentary or oral, appearing in the record, bears the identifying marks which the referee certifies he placed thereon. The court records and depositions referred to by him can, perhaps, be identified by the partial description thereof contained in the certificate, but the oral testimony, and the documents marked "transcripts" and "exhibits," are incapable of identification.

The sufficiency of these papers as a bill of exceptions is challenged by the defendants in error, and we think with good cause. They are totally lacking in necessary form. The one first adverted to is in the similitude of an assignment of errors, or motion for the correction of errors. The concluding prayer that it be allowed as a bill of exceptions cannot avail unless it assumes a character as such. The Civil Code, sections 299 to 303, describes in comprehensive terms the form and method of certification of exceptions. Under this statute, as before its adoption, the practice is to briefly set forth the action of the court complained of, beginning with the words,— "Be it remembered that," etc., or like formula. The objection to such action is then stated, followed by a prayer for the allowance of the exceptions. The evidence, or other matter necessary to explain the action of the court and show the errors complained of, must be incorporated in, and constitute a part of, the bill of exceptions. "Oral evidence must be embodied in the bill of exceptions before it is signed by the judge. It cannot be brought into the record in an ordinary case in any

other mode. It cannot be stated in exhibits or by way of reference." Elliott's Appellate Procedure, § 820.

It is true that what are denominated "skeleton bills of exceptions" are tolerated in practice, frequently on account of the necessary haste of their preparation. In such cases, the exceptions are allowed and signed with blanks for the insertion of some document or other undisputed matter. In these instances, however, nothing remains to be done but the clerical work of copying the omitted writing. In the case of *A. & N. Rly. Co. v. Wagner* ( 19 Kan. 335 ), rules were laid down for determining the sufficiency of a skeleton bill of exceptions.

"*First.* The bill, in referring to such paper or document, must purport to incorporate it into, and make it a part of, the bill; a mere reference to it, although such as to identify it beyond doubt, or a statement that it was in evidence, is not sufficient. *Second.* The document must itself, at the time of the signature of the bill, be in existence, written out and complete. *Third.* It must be annexed to the bill, and referred to as annexed, or it must be so marked by letter, number, or other means of identification mentioned in the bill as to leave no doubt when found in the record that it is the one referred to in the bill; and these means of identification must be obvious to all, so that any one examining the record can know what document is to be inserted, or after insertion that the clerk has made no mistake."

In the case of *Hicks v. Person* ( 19 Ohio, 446 ), it was remarked :

"All the evidence before the jury must be embodied in or made part of the bill of exceptions. It will not do, as is sometimes attempted to be done, to refer to the records of courts, or records of deeds, and attempt to make them parts of bills of exceptions. It will not do to refer to depositions on file by the names of the deponents, or by artificial marks on the depositions

themselves, without something beyond this. They must be attached to or made a part of the bill of exceptions, so that, when a record of the case shall be made, they can be introduced into that record as constituting a part of the case.''

The record in this case fails utterly to conform to the very liberal rules allowed in the preparation of skeleton bills of exceptions. While the referee states that he attaches the testimony to his report, he further states that he only does so constructively, by returning it to court along with his report. Assuming, however, that this is not a violation of orderly practice in such cases, he fails, although stating to the contrary, to identify any of the evidence by letter, number, or mark, as that upon which the case was tried and determined. No one can tell where this bill of exceptions commences or ends, or of what it is composed. No one can tell whether the evidence incorporated in the record was the evidence offered and received, or offered and rejected, by the referee. It possesses none of the marks of verity required in the preparation and certification of a record of errors. The referee certifies only that he '' signs the foregoing exceptions.'' He does not certify that the same are true, or that he settles or allows the same as a bill of exceptions.

Other objections to the form of this portion of the record might be stated, but these are sufficient to preclude us from an examination of the errors claimed to be shown therein.

The pleadings in the case being sufficient, and the findings and judgment being in conformity to the issues raised, there is no claim of error that we can notice. The case is therefore dismissed.